# IN THE COURT OF APPEALS OF IOWA

No. 18-1907
Filed March 20, 2019

**IN THE INTEREST OF J.M.,**
**Minor Child,**

**K.F., Mother,**
    Petitioner-Appellee

**B.M., Father,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Fowler, District Associate Judge.

A father appeals the order granting the mother's petition to terminate his parental rights to his child. **AFFIRMED.**

Lauren M. Phelps, Hudson, Florida, for appellant father.

Jennifer M. Olsen of Olsen Law Firm, Davenport, for appellee mother.

Dana L. Copell of Law Office of Dana L. Copell, Davenport, guardian ad litem for minor child.

Considered by Doyle, P.J., and Mullins and Bower, JJ.

**DOYLE, Presiding Judge.**

A father appeals the order granting the mother's petition to terminate his parental rights to his child. He contends the mother failed to prove the grounds for termination under section 600A.8(3)(b) (2018). He also contends the juvenile court failed to consider the child's best interests. We review his claims de novo. *See In re R.K.B.*, 572 N.W.2d 600, 601 (Iowa 1998).

The juvenile court may terminate a parent's rights to a child upon clear and convincing evidence the parent has abandoned the child. *See* Iowa Code § 600A.8(3). A parent is deemed to have abandoned a child who is six months of age or older

> unless the parent maintains substantial and continuous or repeated contact with the child as demonstrated by contribution toward support of the child of a reasonable amount, according to the parent's means, and as demonstrated by any of the following:
> (1) Visiting the child at least monthly when physically and financially able to do so and when not prevented from doing so by the person having lawful custody of the child.
> (2) Regular communication with the child or with the person having the care or custody of the child, when physically and financially unable to visit the child or when prevented from visiting the child by the person having lawful custody of the child.
> (3) Openly living with the child for a period of six months within the one-year period immediately preceding the termination of parental rights hearing and during that period openly holding himself or herself out to be the parent of the child.

Iowa Code § 600A.8(3)(b). A parent's subjective intent to continue a relationship with the child will not preclude a determination that the parent has abandoned the child if that intent is unsupported by evidence of the acts outlined in section 600A.8(3)(b)(1)-(3). *See id.* § 600A.8(3)(c).

Clear and convincing evidence shows the father has abandoned the child. The father concedes he has not maintained contact with the child. The father last

saw the child in June or July of 2014 and his attempts to contact the child have been limited. The mother last received a phone call or text from the father in January 2015. Although a May 2015 order states the father shall have reasonable visitation with the child as agreed upon by the parties, the father has never attempted to enforce the order. Additionally, the father has never provided the child with financial support, even after the May 2015 order required him to pay $677.26 per month. Although the father claims the mother prevented him from contacting the child, the biggest impediment to the father's ability to contact the child has been the father's criminal activity. The mother allowed the father weekend visitations with the child until the father's June 2014 arrest while the child was in his care. Since November 2015, the father has spent all but four months in jail, and he was serving a five-year sentence at the time of the termination hearing.

In addition to proving the grounds for termination under section 600A.8, a person petitioning to terminate parental rights under chapter 600A must prove termination is in the child's best interests. *See* Iowa Code § 600A.1(1) ("The best interest of the child subject to the proceedings of this chapter shall be the paramount consideration in interpreting this chapter."); *In re B.L.A.*, 357 N.W.2d 20, 23 (Iowa 1984) (holding the court must resolve the issue of whether the child's interests will be best served by terminating the parent's rights). The father contends the juvenile court erred by terminating his parental rights without finding that termination is in the child's best interests. Although the juvenile court made no explicit finding concerning the child's best interests, no such finding is required by chapter 600A; rather, section 600A.9(1)(b) requires that an order granting a petition to terminate include fact findings that "specify the factual basis for

terminating the parent-child relationship and . . . the ground or grounds upon which the termination is ordered." Iowa Code § 600A.9(1)(b). Moreover, the best-interests determination is inherent in the termination order. The legislature has stated:

> The best interest of a child requires that each biological parent affirmatively assume the duties encompassed by the role of being a parent. In determining whether a parent has affirmatively assumed the duties of a parent, the court shall consider, but is not limited to consideration of, the fulfillment of financial obligations, demonstration of continued interest in the child, demonstration of a genuine effort to maintain communication with the child, and demonstration of the establishment and maintenance of a place of importance in the child's life.

*Id.* § 600A.1(2); *see also In re A.F.*, No. 16-0650, 2016 WL 6652390, at *4 (Iowa Ct. App. Nov. 9, 2016) ("We conclude the best-interests determination was implicit in the court's decision to terminate the father's parental rights." (citation omitted)). It is clear from the juvenile court's fact findings that it concluded the father had not affirmatively assumed the duties of a parent as set forth in section 600A.1(2). The father had not provided financial support for or maintained communication with the child, and he had made no effort to do so. The record indicates the child would not know the father if she saw him in person. He has failed to establish and maintain a place of importance in the child's life. Because clear and convincing evidence supports termination under section 600A.8(3)(b) and termination is in the child's best interests, we affirm the order terminating the father's parental rights.

**AFFIRMED.**